276 P.2d 247 (1954)
In the Matter of the ESTATE of Frank Herrley, Deceased.
Pansy PENDLEY, Beneficiary; Pansy Pendley, Guardian of Virginia Lee Pendley, a Minor; Pansy Pendley, Guardian of Elizabeth Ann Pendley, a Minor, Appellants,
v.
Roland SCHROEDER and Tom Brueggen, Administrators with the Will Annexed of the Estate of Frank Herrley, Deceased, and Viola Schroeder and Florence Brueggen, Heirs at Law and Devisees of Frank Herrley, Deceased, Appellees.
No. 36293.
Supreme Court of Oklahoma.
November 9, 1954.
Elam & Crowley, Enid, for appellants.
Porta & Weaver, El Reno, Shutler & Shutler, Kingfisher, Bobby Lee Morrison, El Reno, for appellees.
HALLEY, Chief Justice.
This is an appeal by Pansy Pendley, individually and as guardian of Virginia Lee Pendley and Elizabeth Ann Pendley, her minor daughters, from an order of the District Court of Kingfisher County, affirming a decree of the County Court of that county admitting to probate in part and rejecting in part the will of Frank Herrley. The decree of the District Court also included an order of distribution and approval of the final account of the administrators with the will annexed.
We shall refer to the parties named above as the protestants and as to the remaining parties as proponents.
A brief summary of the facts is deemed necessary to an understanding of the questions involved.
Frank Herrley left an instrument purporting to be his last will and testament. *248 There is no question as to his testamentary capacity or that the instrument is in due form and properly executed. There are ten numbered paragraphs in the will which is dated October 12, 1951. Frank Herrley died December 24, 1951.
The will was filed for probate December 27, 1951, by Robert W. Jech, named as executor in the will. Frank Herrley left as his sole heirs two daughters, Viola Schroeder and Florence Brueggen, who were given only $10 each in cash by his will.
Further disposition of the property was made as follows:
In Paragraph 3 of the will, Juanita Dye was given a tract of land, if living at the date of the death of the testator, and if not living or divorced, then the land would go to her son, Larry Dye.
By Paragraph 4, certain lots in Kingfisher were given to Pansy Pendley.
In Paragraph 7, Pansy Pendley was given a tract of land for life with the remainder to her two children above named.
By Paragraph 8, certain lands and personal property were ordered applied to the payment of all debts and expenses of administration, with any balance remaining to Pansy Pendley.
The two daughters of the testator filed objections to the probate of the will, alleging that the testator was incompetent and under undue influence, menace, duress and fraud, but for which Frank Herrley would not have executed the purported will, and that the will was not executed and attested as required by law.
After a hearing, the court found that the testator had executed the will in all respects as required by law, and that it should be admitted to probate, except as to numbered paragraphs 3, 4, 7 and 8, wherein bequests were made to Juanita Dye, Larry Dye, Pansy Pendley, Virginia Lee Pendley and Elizabeth Ann Pendley and that these bequests were the result of undue influence exercised by the parties upon the testator.
The will was admitted to probate except as to the paragraphs above named and as to them probate was denied. Other parties having waived their prior rights, Tom Brueggen and Roland Schroeder were appointed administrators with the will annexed.
February 25, 1953, final account, petition for determination of heirship and prayer for distribution was filed. There had been no appeal filed from the order admitting the will to probate in part and rejecting it in part, and more than one year had elapsed since such admission to probate.
Pansy Pendley, for herself and as guardian of her minor children above named, filed objections to the final account and petition for distribution. The County Court overruled the objections and approved the final account and entered a decree in accordance with the order admitting the will to probate in part and rejecting it in part, and entered a final decree of distribution.
On appeal to the District Court, the decree of distribution was upheld and all objections thereto denied. Pansy Pendley, individually and as guardian of her two minor children, has perfected this appeal.
This appeal is based upon the single proposition that:
"In Oklahoma partial probate cannot be allowed; the will is either admitted to probate or denied probate."
Proponents moved to dismiss the appeal in this case on the ground that the contestants had agreed in writing, for a valuable consideration, not to appeal from the judgment of the County Court admitting the will to probate in part and denying probate in part. Since we are affirming the case on another ground, we will not discuss this question.
The protestants claim that when the will was admitted to probate in one sentence, the court could not then deny probate as to certain provisions found by the court to have been induced by undue influence. It is admitted that the generally accepted rule permits partial probate and partial rejection of a will offered for probate.
The proponents claim that Section 43, 84 O.S. 1951, is applicable and controlling. It provides:
"A will or part of a will procured to be made by duress, menace, fraud or undue influence, may be denied probate; *249 and a revocation procured by the same means, may be declared void. R.L. 1910, § 8340."
The contestants claim that Section 42, 58 O.S. 1951, is controlling. It provides:
"The court, after hearing the case, must give in writing the findings of fact and conclusions of law upon the issues submitted, and upon these the court must render judgment, either admitting the will to probate or rejecting it. * * *"
Each of the above statutes were adopted from the Complied Laws of Dakota 1887. The North Dakota Revised Code of 1943, Chapter 56-02, Section 56-0203, provides as follows:
"A will or part of a will procured to be made by duress, menace, fraud, or undue influence may be denied probate, and a revocation procured by the same means may be declared void."
While the above provision was in effect, the Supreme Court of North Dakota decided the case of Black v. Smith, 58 N.D. 109, 224 N.W. 915, where it was held that only the part of a will resulting from fraud practiced upon the testator might be rejected and the other portions of the will might properly be admitted to probate.
California has a statute identical with our Section 42, 58 O.S. 1951, above quoted. The California Statute, Probate Code Chapter II, Art. I, Div. 3, Sec. 373, is in the following words:
"The jury must return a special verdict upon the issues submitted to them by the court; and upon the verdict, or upon the proof taken if a jury is waived, the court must render judgment, either admitting the will to probate or rejecting it."
In the case of In re Webster's Estate, 1941, 43 Cal. App.2d 6, 110 P.2d 81, 86, 111 P.2d 355, the Supreme Court of California held that part of a will may be denied probate and said in part:
"The general rule is that if the whole will is the result of the presence of undue influence, probate of the whole will must be refused. If only a part of it is affected by undue influence, that part may be rejected as void, but the remainder, which is the outcome of the free action of the testator, ought to be sustained if it is not inconsistent and can be separated from the part which is invalid, and should be admitted to probate." (Citing numerous cases.)
The Supreme Court of Kansas in Holmes v. Campbell College, 1912, 87 Kan. 597, 125 P. 25, 26, 41 L.R.A., N.S., 1126, said in the body of the opinion that:
"* * * A portion of a will may be refused probate, because of undue influence, while the remainder is admitted. * * *"
The Supreme Court of Arkansas in Hyatt v. Wroten, 1931, 184 Ark. 847, 43 S.W.2d 726, 729, said:
"The question then arises as to whether a will may be valid in part and invalid in part because of the undue influence of the beneficiary as to the invalid part. In Page on Wills (2nd Ed.), § 195, p. 341, it is said:
"`Undue influence avoids such part of the will as is caused thereby. If the whole will is the product of undue influence, it is thereby entirely avoided, including a clause of revocation, and a condition against the contest of the will by disappointed heirs. Fraud, which amounts to undue influence, vitiates a will like any other form of undue influence.
"`If a part of the will is caused by undue influence, and such undue influence does not affect the remaining provisions of the will, the validity of the provisions which are not caused by such undue influence depends, in part, on whether it is possible to ascertain which portions are caused by the undue influence, and whether such portions, if ascertained, can be held to be invalid, and the rest can be given effect. * * *.'"
We think that Section 43, 84 O.S. 1951, providing that "A will or part of a will procured to be made by duress, menace, fraud or undue influence, may be denied probate * * *", is controlling in this case. The language is clear and the meaning *250 clearly discloses the intention of the Legislature in enacting this section.
The decree of the District Court affirming the decree of the County Court is hereby affirmed.
CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.
JOHNSON, V.C.J., and WELCH, J., dissent.